# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

FLORIDA GAS TRANSMISSION
COMPANY, LLC,

    Plaintiff,

vs.

+/– 0.427 ACRES OF LAND IN PUTNAM
COUNTY, FLORIDA, UNKNOWN HEIRS
AND BENEFICIARIES OF THE ESTATE
OF WILLIE SCOTT, ROSA LEE SMOKE
a/k/a ROSA SCOTT-SMOKE, UNKNOWN
OWNERS, IF ANY,

    Defendants.
_____/

Case No. 3:21-cv-250-MMH-MCR

Tract Nos: FLMED-PUTN-007.00

### ORDER ON MOTIONS FOR STIPULATED FINAL JUDGMENT AND FOR FINAL SUMMARY DEFAULT JUDGMENT

**This cause** is before the Court on the Joint Motion for Entry of Stipulated Final Judgment of Condemnation, filed by Plaintiff Florida Gas Transmission Company, LLC (FGT) and defendant-owner Rosa Lee Smoke a/k/a Rosa Scott-Smoke. (Doc. 30, Joint Motion). Having reached a settlement in this case, in the Joint Motion FGT and Ms. Smoke request that the Court enter a stipulated final judgment of condemnation.

Also before the Court is FGT's Motion for Final Summary Default Judgment as to Tract FLMED-PUTN-007.00 and Memorandum of Law in Support. (Doc. 31, Motion for Default Judgment). In the Motion for Default

Judgment, FGT seeks the entry of default judgment against the Unknown Heirs and Beneficiaries of the Estate of Willie Scott and Unknown Owners, if any ("the Defaulted Defendants"). None of the Defaulted Defendants filed an answer, appeared, or otherwise presented any claims or defenses in this case. Upon review, the Court concludes that the motions are due to be granted.

### I.     Background

On March 19, 2020, the Federal Energy Regulatory Commission (FERC) granted FGT a Certificate of Public Convenience and Necessity ("FERC Certificate"), which authorizes FGT to build, operate, and maintain the Putnam Expansion Project. (Doc. 1-5, FERC Certificate). The Putnam Expansion Project mainly consists of two natural gas pipeline "loops": (1) a "West Loop," which is about 13.7 miles of a 30-inch diameter pipeline running between Columbia County, Florida, and Union County, Florida, and (2) an "East Loop," which is about 7.0 miles of a 30-inch diameter pipeline running between Clay County, Florida, and Putnam County, Florida. The Project will supply natural gas to Seminole Electric Cooperative's new gas-fired generating unit, which is replacing an older coal-fired generating unit. To construct the Project in accordance with the FERC Certificate, FGT must acquire certain easements located within the jurisdiction of this Court. As part of the certification process, FGT submitted, and FERC approved, alignment sheets showing the final location of the Project. (Doc. 8, Declaration of Elizabeth Porter, ¶ 9).

Additionally, FGT prepared the subject easements described in Composite Exhibit 2 to the Complaint (Doc. 1-3, Comp. Ex. 2) to conform to the FERC-approved alignment sheets (Porter Decl. ¶ 10).

In March of 2021, FGT filed a complaint to condemn a permanent easement and a temporary easement on the instant tract(s) under the Natural Gas Act, 15 U.S.C. § 717f(h). (Doc. 1, Complaint). FGT sued the land at issue, as well as the Unknown Heirs and Beneficiaries of the Estate of Willie Scott, Rosa Lee Smoke a/k/a Rosa Scott-Smoke, and Unknown Owners, if any. FGT concurrently filed a Motion for Partial Summary Judgment to establish its right to condemn the subject easement(s) (Doc. 4) and a Motion for Preliminary Injunction to obtain immediate possession of the property (Doc. 5).

On July 1, 2021, the Court granted FGT's Motion for Partial Summary Judgment and Motion for Preliminary Injunction as to Rosa Lee Smoke a/k/a Rosa Scott-Smoke, pursuant to a stipulated motion. (Doc. 36). In a separate Order entered on the same day, the Court granted FGT's Motion for Partial Summary Judgment and Motion for Preliminary Injunction as to the Unknown Heirs and Beneficiaries of the Estate of Willie Scott and Unknown Owners, if any. (Doc. 37). These Orders established that FGT has the right to condemn the subject easement(s) under the Natural Gas Act, as well as the right to take immediate possession of the property.

The only outstanding issue is how much FGT owes as compensation for the easement(s). FGT and Ms. Smoke (a/k/a Ms. Scott-Smoke) have reached a settlement in this case regarding the amount of compensation, see Joint Motion, and nothing in this Order affects that agreed-upon amount.

As to the Defaulted Defendants, FGT attaches to the Motion for Default Judgment a declaration by Chad Durrance, a licensed real estate appraiser with over 30 years' experience. (Doc. 31-1, Durrance Decl.). Mr. Durrance states, under penalty of perjury, that he appraised the value of the easements and determined the easements to be worth $1,200 ($600 each for the temporary easement and the permanent easement). Id. ¶¶ 6–8. None of the Defaulted Defendants contradicts this valuation. FGT deposited $2,400 into the Court's Registry on July 9, 2021 as a condition for obtaining immediate possession of the property. (Doc. 38).

FGT perfected service by publication on the Unknown Heirs and Beneficiaries of the Estate of Willie Scott and Unknown Owners, if any, under Rule 71.1(d)(3)(B), Federal Rules of Civil Procedure ("Rule(s)"), on April 8, 2021. (Doc. 19, Proof of Service by Publication); Motion for Default Judgment at 4, ¶ 9. Pursuant to Rule 71.1(e)(2), "[a] defendant that has an objection or defense to the taking must serve an answer within 21 days after being served with the notice." No Defaulted Defendant served an answer or a notice of an appearance within 21 days of being served. As a result, the Clerk of Court entered clerk's

defaults with respect to each Defaulted Defendant. (Docs. 25, 26, Clerk's Defaults). No party has moved to set aside the Clerk's Defaults. FGT performed a diligent search for any persons who may have an interest in the property, in addition to the named Defendants, but it has identified no other such person or party. Motion for Default Judgment at 5, ¶ 12.

## II. The Law on Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(a). Following the entry of a clerk's default, the Court may enter a default judgment against a properly served defendant who has failed to appear or otherwise defend. Rule 55(b)(2); see also DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] But "a defendant's default does not in itself warrant the court in entering a default judgment." Id. Instead, "[e]ntry of default judgment is only warranted when there is 'a

---

[1] The Eleventh Circuit Court of Appeals adopted as binding precedent all decisions issued by the Fifth Circuit prior to October 1, 1981. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

sufficient basis in the pleadings for the judgment entered.'" Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting Nishimatsu, 515 F.2d at 1206); see also Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." Surtain, 789 F.3d at 1245. That means "a court looks to see whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal quotation marks and alteration omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The plaintiff meets that standard when the complaint "pleads factual content that allows the court to draw the reasonable inference" that the plaintiff is entitled to relief. Id.

### III. Analysis of Default Judgment

Under Rule 71.1, "the failure to so serve an answer constitutes consent to the taking and to the court's authority to proceed with the action to fix the compensation." Rule 71.1(d)(2)(A)(vi). Here, FGT served each Defaulted Defendant pursuant to Rule 71.1(d)(3)(A) or (B) and no Defaulted Defendant served an answer or a notice of appearance within 21 days of being served. Because "[a] defendant waives all objections and defenses not stated in its answer," Rule 71.1(e)(3), each Defaulted Defendant waived all objections and defenses by failing to serve an answer or appear.

Moreover, none of the Defaulted Defendants served a notice of appearance under Rule 71.1(e)(1). "[A]t the trial on compensation, a defendant – whether or not it has previously appeared or answered – may present evidence on the amount of compensation to be paid and may share in the award." Rule 71.1(e)(3). Still, as of the date of this Order, no Defaulted Defendant has appeared or presented any evidence about the amount of compensation.

The Court previously granted FGT immediate possession of the subject easement(s), thus concluding the issue of whether FGT has the right to condemn the property. (Docs. 36, 37). Indeed, FGT alleged in its Complaint, and showed through affidavits and exhibits (Porter Decl.; Porter Decl. Ex. A), that (1) it holds a FERC Certificate authorizing the Putnam Expansion Project, (2) the subject easements are necessary for the Project, and (3) FGT could not acquire the easements by contract. See Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres of Land, 910 F.3d 1130, 1154 (11th Cir. 2018) (setting forth the elements that the holder of a FERC Certificate must show to condemn property under the Natural Gas Act).

Thus, the only remaining issue is that of just compensation. "The burden of establishing the value of condemned land lies with [the landowner]." Columbia Gas Transmission Corp. v. Rodriguez, 551 F. Supp. 2d 460, 462 (W.D. Va. 2008) (citing United States v. Powelson, 319 U.S. 266, 273–74 (1943)). "'Market value,' rather than the value to the condemnor or the owner, is the

proper measure of just compensation." Id. (citing United States v. Petty Motor Co., 327 U.S. 372, 377–78 (1946)); accord Dep't of Transp. of State of Fla. v. Nalven, 455 So. 2d 301, 307 (Fla. 1984) ("In most cases it will be necessary and sufficient to full compensation that the award constitute the fair market value of the property." (citations omitted)).[2]

The undersigned determines that FGT is entitled to a default judgment against the Defaulted Defendants. In support of the Motion for Default Judgment, FGT submits the affidavit of Chad Durrance, an experienced certified real estate appraiser. See Durrance Decl. Mr. Durrance states, under penalty of perjury, that he is familiar with the subject tract and that he appraised the value of the subject easement(s). Id. ¶¶ 5–6. Mr. Durrance concludes, based on his appraisal and professional opinion, that the value of the subject easement(s) is $1,200. Id. ¶¶ 7–8. No Defaulted Defendant has provided any evidence to contradict this valuation. Absent any appearance by a Defaulted Defendant or a conflicting representation regarding valuation, the

---

[2] The Natural Gas Act incorporates state law for measuring just compensation, which here means applying Florida's "full compensation" standard instead of federal common law. Sabal Trail Transmission, LLC v. +/– 1.127 Acres of Land, Lead Case No. 3:16-cv-263-HES-PDB, 2017 WL 2799352 (M.D. Fla. Jun. 15, 2017); see also Sabal Trail Transmission, LLC v. Real Estate, 255 F. Supp. 3d 1213 (N.D. Fla. 2017), amended to correct scrivener's error, 2017 WL 2783995 (N.D. Fla. Jun. 27, 2017).

The main difference between Florida law and federal common law is that Florida's full compensation standard includes the right of the landowner to recover his or her attorneys' fees and reasonable expert costs, whereas federal common law does not. See Sabal Trail, 255 F. Supp. 3d at 1215. That difference is not material here because the Defaulted Defendants have not incurred attorneys' fees or expert costs.

Court accepts Mr. Durrance's appraisal as evidence of the property's value. The Court finds that, for purposes of the Defaulted Defendants, the subject easements are worth $1,200.

### IV. Joint Motion for Entry of Stipulated Final Judgment

Under a confidential settlement agreement that provides for payment of compensation, FGT and Ms. Smoke (a/k/a Ms. Scott-Smoke) jointly request that the Court enter a Stipulated Final Judgment of Condemnation granting FGT title to the subject easements under the term sheet attached to this Order as Exhibit A. See Joint Motion. The Joint Motion is due to be granted.

Accordingly, it is hereby **ORDERED**:

1. The Joint Motion for Entry of Stipulated Final Judgment (Doc. 30) is **GRANTED**.

2. The easement interest and rights acquired and vested in FGT in Parcel FLMED-PUTN-007.00 are attached hereto as Exhibit A. These interests and rights are ratified, confirmed, adopted, and incorporated by reference into the Judgment.

3. As for the Defaulted Defendants, Plaintiff FGT's Motion for Default Judgment (Doc. 31) is **GRANTED**. Because none of the Defaulted Defendants objects to the terms of the Stipulated Final Judgment, the Stipulated Final Judgment will serve as the final judgment in this case.

4. The Clerk is directed to place **$1,200** of the $2,400 deposited in the Court's Registry in an interest-bearing account for the benefit of the Defaulted Defendants, subject to the administrative handling fee authorized by the Judicial Conference of the United States. The Clerk will remit the remaining $1,200 to Plaintiff. If the settlement proceeds paid to Ms. Smoke (a/k/a Ms. Scott-Smoke) meet or exceed the appraised value and are subject to apportionment, Plaintiff may seek remittance of the entire amount deposited in the Court's Registry in this case. The Court reserves jurisdiction to address any claims to funds deposited in the Court's Registry.

5. This case is dismissed. The Court further reserves jurisdiction for a period of sixty (60) days from the date of this Order, during which either party may move to reopen this action upon good cause shown. The Clerk is directed to enter judgment vesting Plaintiff with title to the easement rights described in Exhibit A to this Order and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of December, 2021.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc 19
Copies to:
Counsel and parties of record